NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENNIS OBADO, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES GOVERNMENT, et al., <br><br> Respondents. | Civil Action No. 17-1943-BRM <br><br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is the Amended Petition for a Writ of Habeas Corpus ("Amended Petition") of Petitioner Dennis Obado ("Petitioner") brought pursuant to 28 U.S.C. § 2241 (ECF No. 2.) and Petitioner's application to proceed *in forma pauperis*. (ECF No. 2-1). Having reviewed Petitioner's application to proceed *in forma pauperis* and the accompanying affidavit, Petitioner's application to proceed *in forma pauperis* is **GRANTED**. Furthermore, pursuant to Rule 4 of the Rules Governing § 2254 Cases, applicable to § 2241 through Rule 1(b), the Court is required to screen the Amended Petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Based on the Court's review of the Amended Petition and attached exhibits, and for the reasons set forth below, the Amended Petition is **DISMISSED** for lack of jurisdiction.

I. **BACKGROUND**

Petitioner currently resides with his mother in New Brunswick, New Jersey. He is not in any form of detention or custody (Petition (ECF No. 1) at 1; ECF No. 2-1 at 5), and therefore does not challenge custody in his Amended Petition. Rather, Petitioner seeks an order to prevent the

Government "from attempting to take custody of Petitioner." (ECF No. 2 at 6.) While it is not entirely clear from the Petition or Amended Petition why the Government would be seeking to take Petitioner into custody, Petitioner alleges he is being investigated by the Government, that the Government has not informed him of this investigation, and the ongoing investigation without notice to Petitioner violates his rights. (*Id.* at 6-7.) Therefore, Petitioner is requesting an order: (1) preventing the Government from taking him into custody; (2) preventing the Government from conducting further surveillance of Petitioner; (3) preventing the Government from investigating Petitioner; (4) suppressing all unlawful evidence; (5) "precluding the deleting, and pirating of intellectual properties;" and (6) "dismissing with prejudice all [of the Government's] alleged investigations." (*Id.*) To this Court's knowledge, none of the alleged investigations have resulted in Petitioner being charged, indicted, arrested, detained or incarcerated.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing § 2254 Cases, applicable to §2241 petitions through Rule 1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III. DECISION

Petitioner seeks to use his Amended Petition to challenge an alleged investigation of Petitioner conducted by the Government, which has not resulted in any formal charges, indictments, arrests, detainment, probation, or incarceration. This Court, however, is without jurisdiction to entertain such a claim in a habeas petition. *See Maleng*, 490 U.S. at 490-91 (holding this Court only has jurisdiction to hear habeas petitions of those "in custody").

As the Third Circuit has explained,

> While the in custody requirement is liberally construed for purposes of habeas corpus, for a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed. The meaning of custody has been broadened so that it is no longer limited . . . to physical custody alone but also applies where individuals are subject both to significant restraints on liberty . . . which were not shared by the public generally, along with some type of continuing governmental supervision.

*Obado v. New Jersey*, 328 F.3d 716, 717-18 (3d Cir. 2003) (citations omitted). Courts have held that probation, parole, and detention pending immigration hearings constitute a sufficient restraint on liberty to amount to custody, while restitution payments or fines alone do not constitute a sufficient restraint on liberty. *Id.* (finding that "payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas corpus statutes"); *see also Leyva v. Williams*; 504 F.3d 357, 362-63 (3d Cir. 2007) (stating that an individual on probation is in custody for § 2241 purposes); *Kolkevich v. Att'y Gen. of the U.S.*, 501 F.3d 323, 334 n.6 (3d Cir. 2007) (stating that an individual subject to a final deportations order is in custody for § 2241 purposes). "In making a custody determination, a court looks to the date that the habeas petition was filed." *Barry v. Bergen Cty. Prob. Dep't*, 128 F.3d 152, 159 (3d Cir. 1997).

Here, Petitioner does not allege facts to suggest he was in custody in March 2017, when he filed his initial petition, for § 2241 purposes. Petitioner's sole allegation is that he is currently the subject of a Government investigation. (*See* ECF No. 2 at 6-7.) Because Petitioner has not sufficiently alleged that he is "in custody," this Court lacks jurisdiction over his Amended Petition. Accordingly, Petitioner's Amended Petition is **DISMISSED WITHOUT PREJUDICE**.

**IV. CONCLUSION**

For the reasons set forth above, Petitioner's application to proceed *in forma pauperis* (ECF No. 2-1) is **GRANTED** and his Amended Petition is **DISMISSED WITHOUT PREJUDICE**. An appropriate order will follow.

Date: April 27, 2017               */s/Brian R. Martinotti*_____
                                   **HON. BRIAN R. MARTINOTTI**
                                   **UNITED STATES DISTRICT JUDGE**