NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DENNIS OBADO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES GOVERNMENT, et al.,<br><br>Respondents. | Civil Action No. 17-1943-BRM<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is the Motion of Petitioner Dennis Obado ("Petitioner") seeking the appointment of counsel and permission to communicate with the Court via e-mail in this closed habeas corpus matter. (ECF No. 7.) Because this Court has already dismissed Petitioner's habeas petition without prejudice for lack of jurisdiction (*see* Opinion and Order, ECF Nos. 5, 6), and for the reasons set forth below, Petitioner's motion is **DENIED**.

**I.  BACKGROUND**

On or about March 21, 2017, Petitioner filed a purported habeas petition in which he sought to have the Court intervene in an apparently ongoing investigation of him being conducted by the Government to prevent Petitioner from being taken into custody. (ECF No. 1.) Petitioner thereafter filed an amended petition seeking the same relief on or about April 7, 2017. (ECF No. 2.) On April 27, 2017, this Court entered an Order and Opinion dismissing Petitioner's amended habeas petition without prejudice for lack of jurisdiction as Petitioner was not "in custody" at the time he filed his petition. (ECF Nos. 5, 6.)

1

Following the dismissal of his habeas petition, Petitioner made several attempts to contact this Court by phone and e-mail to request various forms of relief. On May 4, 2017, Petitioner was instructed via e-mail that, pursuant to Local Civil Rule 5.2(4) and 7.1, he was required to file any and all requests for relief on the docket of this mater by filing paper documents with the Clerk of the Court, and that any further requests for relief should be filed with the Clerk. Following that e-mail, Petitioner filed this motion wherein he requests appointment of counsel and permission to communicate with the Court via e-mail. (ECF No. 7.) In support of these requests, Petitioner states only that he is indigent and should be provided with a "fair adversarial process" in the litigation of his habeas petition.

## II. LEGAL STANDARD

A petitioner in a habeas corpus proceedings has neither a statutory nor constitutional right to the appointment of counsel. *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254; *see also McDonald v. State of New Jersey Att'y Gen.*, No. 16-2246, 2016 WL 6208259, at *3 (D.N.J. Oct. 24, 2016); *Shelton v. Hollingsworth*, Civ. A. No. 15-1249, 2015 WL 2400780 at *3 (D.N.J. May 18, 2015). A district court may, however, appoint counsel for a habeas petitioner under 18 U.S.C. § 3006A(a)(2)(B) where the petitioner shows that he is indigent and the court "determines that the interests of justice so require." In determining whether the interests of justice so require, the district court "must first decide if petition has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *Reese*, 946 F.2d at 263-64. This determination generally requires the Court to consider the complexity of the factual and legal issues in the petitioner's case, as well as the petitioner's ability to investigate and present his claims. *Id.*; *see also McDonald*, 2016 WL 6208259 at *3; *Shelton*, 2015 WL 2400780 at *3.

**III. DECISION**

Petitioner requests the Court appoint counsel in this habeas corpus matter on the basis of his indigence. While this Court accepts Petitioner's assertion of indigence insomuch as Petitioner has previously been granted *in forma pauperis* status, the appointment of counsel is not warranted in this matter because this Court has already dismissed Petitioner's habeas petition for lack of jurisdiction. (*See* ECF Nos. 5, 6). Because this Court lacks jurisdiction over Petitioner's habeas petition, Petitioner has not presented a potentially meritorious claim for relief to the Court. Therefore, the interests of justice would not be served though the appointment of counsel at this time. *Reese*, 946 F.2d at 263-64; *McDonald*, 2016 WL 6208259 at *3. Petitioner's motion for the appointment of counsel is denied without prejudice.

Petitioner also requests that this Court permit him to communicate with the Court via e-mail. Pursuant to Local Civil Rule 5.2, parties are normally required to file documents with the Court electronically via ECF. Pro se litigants, however, are instead required to file documents by submitting paper filings to the Clerk's Office. L.Civ.R. 5.2(4). Local Civil Rule 7.1 likewise requires civil litigants to file all motions and similar requests for relief in accordance with Local Rule 5.2, including the requirement that pro se litigants file motions by filing paper documents with the Clerk of the Court. As such, the rules provide for only two methods for filing motions and requests for relief with the court – electronically via the ECF system, or through paper filing in the case of pro se litigants. E-mail filing of court documents, motions, and other requests for relief are not permitted under the rules. As such, Petitioner's request for permission to communicate with the Court through e-mail is denied. Any future motions or requests for relief Petitioner wishes to present to the Court must therefore be filed with the Clerk of the Court through paper filing.

## IV. CONCLUSION

For the reasons stated above, Petitioner's motion for the appointment of counsel and permission to communicate with the Court vial e-mail is **DENIED**. An appropriate order will follow.


Date: May 10, 2017                                    */s/Brian R. Martinotti*_____
                                                              **HON. BRIAN R. MARTINOTTI**
                                                              **UNITED STATES DISTRICT JUDGE**