UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
DENNIS OBADO,                          :
                                       :
          Petitioner,                :   Case No. 3:17-1943 (BRM)
                                       :
v.                                     :
                                       :
UNITED STATES GOVERNMENT, et al.,      :   OPINION
                                       :
          Respondents.               :
_____:

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is *pro se* Petitioner Dennis Obado's ("Petitioner" or "Obado") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Presently pending are several motions filed by Petitioner; most notably: (1) three identical motions to reopen/request for recusal (ECF Nos. 26, 27 & 28); (2) motion to appoint pro bono counsel, issue a stay and for preliminary injunctive relief (ECF No. 29); and (3) motion to expedite. (ECF No. 31.) Having reviewed the submissions filed in connection with the motions and having declined to hold oral argument, the Clerk shall reopen this case so the motions can be analyzed and, for the reasons set forth below and for good cause appearing, Petitioner's outstanding motions are **DENIED**.

    **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner filed a habeas petition in March 2017, pursuant to 28 U.S.C. § 2241. (*See* ECF No. 1.) In April 2017, Petitioner filed an amended habeas petition. (*See* ECF No. 2.) Petitioner's amended habeas petition raised the following issues:

> Petitioner seeks an order to prevent the Government "from attempting to take custody of Petitioner." (ECF No. 2 at 6.) While it is not entirely clear from the Petition or Amended Petition why the Government would be seeking to take Petitioner into custody, Petitioner alleges he is being investigated by the Government, that the Government has not informed him of this investigation, and the

> ongoing investigation without notice to Petitioner violates his rights. (*Id.* at 6–7.) Therefore, Petitioner is requesting an order: (1) preventing the Government from taking him into custody; (2) preventing the Government from conducting further surveillance of Petitioner; (3) preventing the Government from investigating Petitioner; (4) suppressing all unlawful evidence; (5) "precluding the deleting, and pirating of intellectual properties;" and (6) "dismissing with prejudice all [of the Government's] alleged investigations." (*Id.*) To this Court's knowledge, none of the alleged investigations have resulted in Petitioner being charged, indicted, arrested, detained or incarcerated.

*Obado v. United States Gov't*, No. 17-1943, 2017 WL 1536418, at *1 (D.N.J. Apr. 27, 2017), *aff'd*, No. 17-2116, 2017 WL 5564552 (3d Cir. Aug. 9, 2017). On April 27, 2017, this Court summarily dismissed Petitioner's amended habeas petition without prejudice. *See Obado*, 2017 WL 1536418. Petitioner was not "in custody" at the time he filed his habeas petition. *See id.* at *2. Accordingly, this Court lacked habeas jurisdiction. *See id.* On appeal, the Third Circuit agreed and affirmed. *See Obado*, 2017 WL 5564552, at *1.

In a series of filings over the past several months (*see* ECF 25, 26, 27, 29 & 31), Petitioner seeks several forms of relief; most notably:

1. Reopening of this matter
2. Recusal of the undersigned from this case
3. Habeas relief from a 1990 state court conviction
4. Termination of ongoing immigration proceedings
5. Stay/injunction from agents searching his house
6. Return of documents and property

In addition to these requests, Petitioner also notes he has been exposed to possible chemical agents by the government during and after searches of his property.

## II.   DECISION

### A.  Recusal

Before this Court analyzes the merits of Petitioner's outstanding motions, Petitioner requests this matter be reassigned to a different district judge. This Court construes this request as a request for recusal. The legal standard for recusal of district court judges is codified in 28 U.S.C. §§ 144 and 455. Section 144 provides for recusal "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. To be "legally sufficient," the facts must "give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Cooney v. Booth*, 262 F. Supp. 2d 494, 501 (E.D. Pa. 2003) (quoting *Berger v. United States*, 255 U.S. 22, 33–34 (1921)). The court must accept all facts alleged in the affidavit as true, but need not accept the moving party's conclusions, conjecture, speculation or surmises. *See id.*

Under § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Such disqualification is crucial to maintaining "the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted." *Alexander v. Primerica Holdings. Inc.*, 10 F.3d 155, 162 (3d Cir. 1993) (quoting *In re Sch. Asbestos Litig.*, 977 F.2d 764, 776 (3d Cir. 1992)) (other citations omitted). Consequently, even where the judge is not "subjectively biased or prejudiced," he must recuse himself under § 455 so long as he appears to be so. *See In re Community Bank of No. Va.*, 418 F.3d 277, 320 (3d Cir. 2005) (quoting *United States v. Bertoli*, 40 F.3d 1384, 1412 (3d Cir. 1994)).

In other words, the judge must recuse himself if a "reasonable man . . . would harbor doubts about the judge's impartiality." *Cmty. Bank of Va.*, 418 F.3d at 320 (citation omitted).

Petitioner complains how the undersigned treated his initial habeas petition by summarily dismissing it without holding an evidentiary hearing. However, 28 U.S.C. § 2243 gave this Court authority to summarily dismiss Petitioner's habeas petition at the screening stage. Indeed, this summary dismissal was affirmed by the Third Circuit. Petitioner's dissatisfaction with the outcome of this litigation is not grounds for recusal. Accordingly, Petitioner's request for recusal is without merit and is denied.

### B.  Reopening § 2241 Matter

Petitioner next asserts this Court should reopen this § 2241 matter for further consideration. However, this § 2241 matter suffers from the same defect as it did in 2017; Petitioner is not "in custody." *See Obado*, 2017 WL 1536418, at *2. Accordingly, this Court lacks jurisdiction to reopen to consider Petitioner's habeas claims brought pursuant to 28 U.S.C. § 2241.

### C.  Habeas Relief for 1990 State Court Conviction

Petitioner also asserts he is entitled to federal habeas relief arising from a 1990 state court conviction. An individual typically contests a state court conviction in federal court by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, to invoke habeas corpus review by a federal court, a petitioner must satisfy two jurisdictional requirements: (1) the status requirement the person be "in custody pursuant to the judgment of a State court," and (2) the substance requirement the petition challenges the legality of the custody on grounds it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989). The "in custody" requirement is "the passport to federal habeas corpus jurisdiction." *Bonser v. Dist. Attorney Monroe Cty.*, 659 F. App'x 126, 127 (3d Cir.

2016) (quoting *United States ex rel. Dessus v. Pennsylvania*, 452 F.2d 557, 560 (3d Cir. 1971)). The United States Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490–91.

As noted above and in this Court's April 2017 opinion, Petitioner does not appear to be "in custody." Therefore, § 2254 is unavailable to Petitioner.[1]

### D. Challenges to Immigration Proceedings

The outstanding motions also indicate ongoing immigration removal proceedings against Petitioner which he appears to be challenging. Petitioner requests this Court intercede to stop these immigration proceedings. However, as the Third Circuit has already noted to Petitioner:

> [T]o the extent the Government decides to commence removal proceedings against [Obado], the federal courts lack jurisdiction to review that discretionary determination. *See* 8 U.S.C. § 1252(g). However, if a final order of removal is ultimately entered against [Obado], he may challenge that order by timely filing a petition for review in the appropriate federal court of appeals. *See* 8 U.S.C. § 1252(a)(1).

*Obado*, 2017 WL 5564552, at *1. Similarly, this Court notes Petitioner may challenge any final order of removal against him by filing a petition for review with the appropriate court of appeals, not this District Court. Accordingly, his request this Court intercede in his immigration removal proceedings is without merit and is denied.

### E. Complaints Against Searches and Seizures

Petitioner next complains about searches and seizures the government has conducted at his property. The complaints include the methods used during these searches and seizures which purportedly included the use of chemical agents. As noted above, Petitioner is not "in custody" as

---

[1] It is also worth noting Petitioner cannot seek *coram nobis* relief in federal court from a state court conviction. *See, e.g.*, *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003).

5

defined by habeas law. Accordingly, raising these issues in a habeas action is not appropriate. Instead, to the extent Petitioner is asserting his constitutional rights have been violated through searches and seizures, the proper mechanism is for Petitioner to file a civil rights complaint, not proceed through this habeas corpus petition.[2]

### F. Request to Expedite

Petitioner has requested this Court expedite consideration of this matter. However, for the reasons stated above, he is not entitled to habeas relief. Accordingly, his request to expedite is also denied.

### G. Request for Preliminary Injunctive Relief/Temporary Restraining Order/Stay

Given Petitioner is not entitled to habeas relief due to his lack of being "in custody," his requests for injunctive relief, a stay and/or a temporary restraining order are also denied.

### H. Pro Bono Counsel

Petitioner has also requested the appointment of pro bono counsel. There is no right to counsel in habeas proceedings. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides he court has discretion to appoint counsel where "the court determines that the interests of justice so require." In *Reese*, the Third Circuit explained in determining whether counsel should be appointed, a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese*, 946 F.2d at 263-64.

---

[2] Petitioner has requested a blank habeas corpus form as well as a civil rights complaint form.

6

The appointment of counsel is not warranted in this case. As described above, this Court still lacks jurisdiction over Petitioner's habeas petition as he is not "in custody." Furthermore, all of Petitioner's outstanding motion seeking other types of relief are denied.

### III.    CONCLUSION

For the foregoing reasons, all of Petitioner's outstanding motions are denied. An appropriate order will be entered.

DATE: November 12, 2020

>  */s/Brian R. Martinotti*
>  **BRIAN R. MARTINOTTI**
>  **UNITED STATES DISTRICT JUDGE**