**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| DENNIS OBADO, | : : : | |
| Petitioner, | : : | Case No. 3:17-CV-1943 (BRM) |
| v. | : : | **MEMORANDUM ORDER** |
| UNITED STATES GOVERNMENT, et al., | : : | |
| Respondent. | : : : | |

**THIS MATTER** is opened to the Court by Petitioner Dennis Obado's ("Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Presently pending is a motion for recusal. (ECF No. 34.) Having reviewed the motion for recusal, the Clerk shall reopen this case so the request can be analyzed and, for the reasons set forth below and for good cause appearing, Petitioner's motion is **DENIED**.

Petitioner filed a habeas petition in March 2017, pursuant to 28 U.S.C. § 2241. (*See* ECF No. 1.) In April 2017, Petitioner filed an amended habeas petition. (*See* ECF No. 2.) Petitioner's amended habeas petition raised the following issues:

> Petitioner seeks an order to prevent the Government "from attempting to take custody of Petitioner." (ECF No. 2 at 6.) While it is not entirely clear from the Petition or Amended Petition why the Government would be seeking to take Petitioner into custody, Petitioner alleges he is being investigated by the Government, that the Government has not informed him of this investigation, and the ongoing investigation without notice to Petitioner violates his rights. (Id. at 6–7.) Therefore, Petitioner is requesting an order: (1) preventing the Government from taking him into custody; (2) preventing the Government from conducting further surveillance of Petitioner; (3) preventing the Government from investigating Petitioner; (4) suppressing all unlawful evidence; (5) "precluding the deleting, and pirating of intellectual properties;" and (6) "dismissing

> with prejudice all [of the Government's] alleged investigations." (Id.)
> To this Court's knowledge, none of the alleged investigations have
> resulted in Petitioner being charged, indicted, arrested, detained or
> incarcerated.

*Obado v. United States Gov't*, No. 17-1943, 2017 WL 1536418, at *1 (D.N.J. Apr. 27, 2017), *aff'd*, No. 17-2116, 2017 WL 5564552 (3d Cir. Aug. 9, 2017). On April 27, 2017, this Court summarily dismissed Petitioner's amended habeas petition without prejudice. *See Obado*, 2017 WL 1536418. Petitioner was not "in custody" at the time he filed his habeas petition. *See id.* at *2. Accordingly, this Court lacked habeas jurisdiction. *See id.* On appeal, the Third Circuit affirmed. *See Obado*, 2017 WL 5564552, at *1. Petitioner now files his motion for recusal. (ECF No. 34.)

The legal standard for recusal of district court judges is codified in 28 U.S.C. §§ 144 and 455. Section 144 provides for recusal "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. To be "legally sufficient," the facts must "give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Cooney v. Booth*, 262 F. Supp. 2d 494, 501 (E.D. Pa. 2003) (quoting *Berger v. United States*, 255 U.S. 22, 33–34 (1921)). The court must accept all facts alleged in the affidavit as true, but need not accept the moving party's conclusions, conjecture, speculation or surmises. *See id.*

Under § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Such disqualification is crucial to maintaining "the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted." *Alexander v. Primerica Holdings. Inc.*, 10 F.3d 155, 162 (3d Cir. 1993) (quoting *In re Sch. Asbestos Litig.*, 977 F.2d 764, 776 (3d Cir. 1992)) (other citations omitted).

Consequently, even where the judge is not "subjectively biased or prejudiced," he must recuse himself under § 455 so long as he appears to be so. *See In re Community Bank of No. Va.*, 418 F.3d 277, 320 (3d Cir. 2005) (quoting *United States v. Bertoli*, 40 F.3d 1384, 1412 (3d Cir. 1994)). In other words, the judge must recuse himself if a "reasonable man . . . would harbor doubts about the judge's impartiality." *Cmty. Bank of Va.*, 418 F.3d at 320 (citation omitted).

Petitioner complains how the undersigned treated his initial habeas petition by summarily dismissing it without ordering an answer from Respondents or holding a plenary hearing. However, 28 U.S.C. § 2243 gave this Court authority to summarily dismiss Petitioner's habeas petition at the screening stage. Indeed, this summary dismissal was affirmed by the Third Circuit. Petitioner's dissatisfaction with the outcome of this litigation is not grounds for recusal. Accordingly, Petitioner's request for recusal is without merit and is denied.

**IT IS** this 9th day of February 2021,

**ORDERED** the Clerk shall reopen this case so that Petitioner's motion can be analyzed; and it is further

**ORDERED** Petitioner's motion for recusal (ECF No. 34) is **DENIED**; and it is further

**ORDERED** the Clerk shall serve this order on Petitioner by regular U.S. mail; and it is further

**ORDERED** the Clerk shall reclose this case.

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**